THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLIE FLOYD

        Plaintiff,          Case No. 07-12725

vs.

        HONORABLE DAVID M. LAWSON
        HONORABLE STEVEN D. PEPE

SHARON FURNO and AMANDA HUNTER.

        Defendants.
_____/


**OPINION AND ORDER REGARDING PLAINTIFF'S
MOTION TO LOCATE AND SUBPOENA WITNESS FOR TRIAL (DKT. # 25)
AND DEFENDANT'S MOTION TO STAY DISCOVERY (DKT. # 26)**

On June 28, 2007, Plaintiff filed his *pro se* complaint pursuant to 42 U.S.C. § 1983 against 9 Defendants. On August 2, 2007, District Judge Lawson issued an opinion and order dismissing, *sua sponte*, 7 of the Defendants and referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. # 4). On October 25, 2007, the remaining two Defendants, Sharon Furno and Amara Hunter, filed a motion for summary judgment (Dkt. # 15). Plaintiff filed a motion for summary judgement on November 21, 2007 (Dkt. # 21), and Defendants responded on December 11, 2007 (Dkt. # 23). On December 20, 2007, Plaintiff filed a motion to locate and subpoena 16 witnesses for trial (Dkt. # 25). On January 21, 2008, Defendants' Furno and Hunter issued a motion to stay discovery (Dkt. # 26). For the reasons discussed below it is ordered that Plaintiff's motion be **DENIED** and that discovery be **STAYED** pending the outcome of Defendants' dispositive motion.

**I.     Background:**

On January 30, 2008, the undersigned issued a Report and Recommendation granting Defendants' motion to dismiss which is currently under consideration by District Judge David Lawson. If adopted, this Report and Recommendation would result in the dismissal of Plaintiff's suit.

**II.    Analysis**

   A.     <u>Motion to Locate and Subpoena Witnesses for Trial:</u>

Plaintiff seeks to locate and subpoena 16 witnesses for trial. In accordance with this Court's scheduling order, the parties were to submit a witness list by December 19, 2007, and discovery was to be concluded by January 19, 2008 (Dkt. # 14, p. 1). Defendants submitted a witness list (Dkt. # 24), but Plaintiff has not submitted such a list. Plaintiff did submit this motion (Dkt. # 25) the day after the witness list was due, and this motion will be treated a Plaintiff's witness list.

In his motion to locate, Plaintiff seeks, under Federal Rule of Civil Procedure 26(a)(1), the addresses of many of his potential witnesses. FED. R. CIV. P. 26(a)(1). Such initial disclosures are permitted under the Rules, but Court assistance is not required. Rather, these initial disclosure are to be made between the parties. Local Court Rule 26.2(a) provides that "depositions, interrogatories, requests for the production of documents, requests for admission and responses to such discovery material shall not be filed with the Clerk." LOCAL RULE 26.2(a).

The Federal Rules provide that a subpoena may be issued "for attendance at a trial or hearing." FED. R. CIV. P. 45(a)(2)(A). Yet, the issuance of such subpoenas at this time would be premature. First, no trial has been scheduled and the issuance of any subpoena to attend a trial

requires that those served a subpoena must be directed to testify "at a time and place therein specified." FED. R. CIV. P. 45(a)(1)(C). Given that no trial has been scheduled, it would be improper for this Court to issues subpoenas at this time.

Second, there is pending before Judge Lawson a Report and Recommendation recommending that the Defendants' motion for summary judgment be granted. If this Report and Recommendation is adopted, the Plaintiff's suit would be dismissed obviating the need for the issuance of these subpoenas.

Accordingly, Plaintiff's motion to locate and subpoena witnesses for trial is **DENIED**. This issue may be revisited if the Report and Recommendation is not adopted.

B.    Motion to Stay Discovery:

Defendants seek to stay discovery "until the Court has ruled on Defendants' Motion to Dismiss and resolve the issues of their immunity" (Dkt. # 26, p. 2). In their motion for summary judgment, Defendant Hunter asserted a defense of absolute, prosecutorial immunity and Defendant Furno asserted a defense of qualified immunity. *Id.*

The philosophy behind the doctrine of qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. United States Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir.1995) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816). Such burdens include "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* Moreover, "[t]o avoid imposing needless discovery costs upon government officials, the determination of qualified immunity must be made at an early stage in the litigation." *Id.*

In *Mitchell v. Forsyth*, the Supreme Court found that "[u]nless the plaintiff's allegations

state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). *See also, Turner v. Scott*, 119 F.3d 425, 428 (6th Cir.1997) ( "The question whether the uncontested facts demonstrated a constitutional violation is a pure question of law-and one from which an immediate appeal can be taken where qualified immunity has been denied."); *Sanderfer v. Nichols*, 62 F.3d 151, 153 n. 2 (6th Cir.1995) ("the plaintiff's version of events, regardless of the sufficiency of the supporting evidence, does not state a claim"). Finally, it is clear that before addressing the substance of a claim of qualified immunity, the court must first determine whether the plaintiff has stated a claim of a constitutional violation at all. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999) (holding that the court evaluating a claim of qualified immunity must first determine whether the plaintiff states a claim of a constitutional violation at all, and then must determine whether the claimed right was clearly established, before proceeding to the qualified immunity question).

Rule 56 requires that once a motion for summary judgment is made and is supported as required in Rule 56(c), the adverse party cannot rest solely on the allegations made in his pleadings. Rather, he must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial. Fed. R.Civ. P. 56(e); *Arnett v. Myers*, 281 F.3d 552, 559 (6th Cir.2002). It would therefore normally be improper to prohibit Plaintiff access to any discovery that might allow him to set forth facts showing that there is a genuine issue for trial. Yet, among the issues to be decided at this juncture are whether Defendants enjoy Eleventh Amendment immunity in their official capacity and individual capacities and or qualified immunity. Plaintiff has not demonstrated that the discovery sought relates to these issues. In accordance with the above cited case law, it is thus appropriate to stay discovery until Defendants' dispositive motion

concerning defenses of immunity are decided.  Accordingly, **IT IS ORDERED** that discovery is **STAYED** pending the outcome of Defendants' dispositive motion.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: February 29, 2008            s/Steven D. Pepe  
Ann Arbor, Michigan            United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Opinion and Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 29, 2008.

           s/ Alissa Greer  
           Case Manager to Magistrate  
           Judge Steven D. Pepe  
           (734) 741-2298