CHARLIE FLOYD,

        Plaintiff,

v.                                                      Case Number 07-12725
                                                                     Honorable David M. Lawson

SHARON FURNO and AMARA HUNTER,

        Defendants.

_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING AMENDED REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING OTHER MOTIONS AS MOOT

The plaintiff, Charlie Floyd, currently incarcerated at the Michigan Reformatory correctional facility in Ionia, Michigan, filed this *pro se* civil rights complaint raising a number of claims arising out of his prosecution for criminal sexual misconduct. On August 2, 2007, this Court summarily dismissed most claims against most defendants, but allowed the plaintiff's claim of witness coercion to proceed against defendants Sharon Furno, a Macomb County Sheriff's detective, and Amara Hunter, a Macomb County prosecutor. The matter was then referred to Magistrate Judge Pepe to conduct pretrial proceedings pursuant to 28 U.S.C. § 636(b).

The defendants filed a motion for summary judgment on October 25, 2007, arguing that there was no genuine issue of material fact, and that they were entitled to immunity. Magistrate Judge Pepe then issued a notice informing the plaintiff that he must respond within twenty-one days of service. The plaintiff did not respond to the defendants' motion, however, but instead filed his own motion for summary judgment on November 15, 2007.

On January 30, 2008, Judge Pepe issued a report and recommendation that concluded that defendants' motion for summary judgment should be granted and the plaintiff's denied. He found

that the defendant Hunter is absolutely immune from civil liability, because the "[p]laintiff has not established the existence of any 'genuine issue as to any material fact' showing that Defendant Hunter acted outside her prosecutorial function." Magistrate Judge Pepe further concluded the claims against defendant Furno should also be dismissed because a state court judge had found that probable cause existed to proceed with the case against the plaintiff, which defeats his claim for malicious prosecution, and that there was no evidence that shows that defendant Furno played any role in the decision to prosecute the plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (holding that a party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff.").

Although the plaintiff timely filed objections to this report and recommendation, his objections merely restate his claims against the defendants and are non-responsive to the findings and conclusions reached by the magistrate judge. In the Sixth Circuit, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). These rules are tempered by the principle that *pro se* pleadings are to be liberally construed, but a *pro se* litigant must still comply with the procedural rules of court. *McNeill v. United States*, 508 U.S. 106, 113 (1993). The parties' failure to file objections to the Report and Recommendation waives any further right to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d

1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the Magistrate Judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the Magistrate Judge. Because the Court finds that the complaint should be dismissed, the Court will deny remaining motions as moot.

Accordingly, it is **ORDERED** that the defendants' motion for summary judgment [#15] is **GRANTED** and the plaintiff's motion for summary judgment [# 21] is **DENIED**. The complaint is **DISMISSED with prejudice**.

It is further **ORDERED** that the plaintiff's motion for a preliminary injunction [#27], the plaintiff's motion to extend time to file motion for summary judgment [#20], and the plaintiff's request for extension of time to file response to report and recommendation regarding the preliminary injunction [#35] are **DENIED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 2, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 2, 2008.

s/Felicia M. Moses
FELICIA M. MOSES